**IN THE COURT OF APPEALS OF IOWA**

No. 18-0576
Filed June 20, 2018

**IN THE INTEREST OF L.K., J.K., C.C., and M.C.,**
**Minor Children,**

**J.K., Mother,**
        Appellant.

_____

Appeal from the Iowa District Court for Pottawattamie County, Craig M. Dreismeier, District Associate Judge.

A mother appeals the termination of her parental rights to her children. **AFFIRMED.**

Scott D. Strait, Council Bluffs, for appellant mother.

Thomas J. Miller, Attorney General, and Kathryn K. Lang, Assistant Attorney General, for appellee State.

Maura C. Goaley of Maura C. Goaley, Attorney at Law, Council Bluffs, guardian ad litem for minor children.

Considered by Vogel, P.J., and Doyle and Bower, JJ.

**DOYLE, Judge.**

A mother appeals the termination of her parental rights to her four children. She contends the State failed to prove the grounds for termination by clear and convincing evidence and the State failed to make reasonable efforts to reunify her with the children. She also contends that termination is not in the children's best interests.

We review termination proceedings de novo. *See In re A.M.*, 843 N.W.2d 100, 110 (Iowa 2014). In doing so, we are not bound by the juvenile court's findings of fact, although we give them weight, especially those concerning witness credibility. *See id.*

The mother has a long history of involvement with the Iowa Department of Human Services (DHS), with four child-abuse assessments completed between 2004 and 2010 finding the mother denied her children critical care due to her methamphetamine use. After the DHS received reports in December 2016 that the mother was using methamphetamine intravenously in the home, the juvenile court entered an order removing the children from her care. In the fourteen months that followed, the mother failed to complete substance-abuse treatment, remained unemployed, lost her housing, was arrested, and was jailed until she bonded out. The State filed a petition seeking to terminate her parental rights in December 2017. Following a hearing in February 2018, the juvenile court granted the State's petition.

In order to terminate parental rights, the juvenile court must first find clear and convincing evidence supporting one of the grounds for termination listed under Iowa Code section 232.116(1) (2017). *See In re D.W.*, 791 N.W.2d 703, 706 (Iowa

2010). The juvenile court found the State met its burden of proving the grounds for termination set forth in section 232.116(1)(e), (f), and (*l*). We need only find grounds to terminate parental rights under one of the sections cited by the juvenile court to affirm. *See In re S.R.*, 600 N.W.2d 63, 64 (Iowa Ct. App. 1999).

To terminate parental rights under section 232.116(1)(f), the State must prove:

> (1) The child is four years of age or older.
> (2) The child has been adjudicated a child in need of assistance pursuant to section 232.96.
> (3) The child has been removed from the physical custody of the child's parents for at least twelve of the last eighteen months, or for the last twelve consecutive months and any trial period at home has been less than thirty days.
> (4) There is clear and convincing evidence that at the present time the child cannot be returned to the custody of the child's parents as provided in section 232.102.

The mother does not dispute that the first three requirements for termination under this section have been proved. She instead argues there is insufficient evidence regarding the requirement of section 232.116(1)(f)(4) because her testimony supports a finding that the children could be returned to her care "within a reasonable period of time." This is not the correct standard under section 232.116(1)(f). The question is whether the children could be returned to her custody at the time of the termination hearing. *See* Iowa Code § 232.116(1)(f)(4); *D.W.*, 791 N.W.2d at 707 (interpreting the term "at the present time" to mean "at the time of the termination hearing"); *see also A.M.*, 843 N.W.2d at 111 ("At issue is whether [the child] could be returned to the custody of her parents under section 232.102 at the time of the hearing.").

Clear and convincing evidence shows the children could not be returned to the mother's care at the time of the termination hearing. As the juvenile court noted,

> Over twelve months have gone by and we are no closer to returning the children now than when they were removed. Any progress made by [the mother] with the terms of the case plan ha[s] been short lived. All visits which have occurred have been on a supervised basis. The [mother has] not actively worked toward complying with the terms of the case plan. [Her] substance abuse [is a] serious problem[]. [The mother has] a long history of substance abuse. [She] actively opposed participating with inpatient treatment when the same was initially recommended. [The mother has not] completed any form of substance-abuse treatment during the last fourteen months. [Nor] was [she] involved with treatment at the time of the termination hearing. These issues remain unresolved. [The mother says she is] committed to changing and getting these issues resolved; however, over a year has gone by with no results. It will take active participation in treatment for an extended period of time to properly address [her] issues. [The mother has not] actively participated in treatment for the past fourteen months. Further, [the mother does not have] appropriate housing for the children. In addition to substance-abuse issues, barriers with housing, employment, and [her relationship] still need to be resolved as well. Additional time will not eliminate the barriers preventing reunification from occurring.

The evidence supports this finding, which we adopt as our own.

The mother next argues the State failed to make reasonable efforts to reunify her with the children. However, "[c]hallenges to the plan for reunification should have come when the plan was entered." *In re L.M.W.*, 518 N.W.2d 804, 807 (Iowa Ct. App. 1994). A parent must challenge the fact reasonable efforts have not been utilized or make a request for specific services at the removal or review hearing. *See id.* "It is too late to challenge the service plan at the termination hearing." *Id.* Throughout the child-in-need-of-assistance proceedings, the juvenile court found in each of its orders that reasonable efforts had been made to prevent or eliminate the need for the children's removal from the home. The

mother fails to cite to where she challenged the sufficiency of the services offered to her or what additional services she sought. The issue is not preserved for our review. *See S.R.*, 600 N.W.2d at 65.

Finally, the mother argues that termination is not in the children's best interests. She argues that termination would be detrimental to the children's mental and emotional wellbeing. In making the best-interests determination, the primary considerations are "the child's safety," "the best placement for furthering the long-term nurturing and growth of the child," and "the physical, mental, and emotional condition and needs of the child." *In re P.L.*, 778 N.W.2d 33, 37 (Iowa 2010) (quoting Iowa Code § 232.116(2)). The "defining elements in a child's best interest" are the child's safety and "need for a permanent home." *In re J.E.*, 723 N.W.2d 793, 802 (Iowa 2006) (Cady, J., concurring specially).

At the time of termination, the children were nine years of age or older and had formed significant bonds with the mother. However, the mother's unresolved substance-abuse and domestic-violence issues, along with her unemployment and unstable housing, raise concerns about the mother's ability to care for herself, much less her children. These issues have caused the children emotional harm and placed them in danger of physical harm. The DHS social work case manager testified that the children "feel very frustrated" that the mother has failed to take the necessary action to provide permanency. She explained that the children have anxiety about the prospect of reunification rather than termination because "although they would like to go home, they very much have significant concerns that it would be only in the short future that they would be back to how things are." In contrast, the children have been in the care of relatives since their removal.

These relatives have provided the consistency and permanency the children need. They intend to adopt the children.

Children are not equipped with pause buttons; delaying the children's permanency in favor of a parent is contrary to the children's best interests. *See A.M.*, 843 N.W.2d at 112 (noting children must not be deprived permanency on the hope that someday the parent will be able to provide a stable home); *In re A.C.*, 415 N.W.2d 609, 614 (Iowa 1987). Once the grounds for termination have been proved, time is of the essence. *See A.C.*, 415 N.W.2d at 614 ("It is unnecessary to take from the children's future any more than is demanded by statute. Stated otherwise, plans which extend the twelve-month period during which parents attempt to become adequate in parenting skills should be viewed with a sense of urgency."); *see also In re R.J.*, 436 N.W.2d 630, 636 (Iowa 1989) (noting that once the time period for reunification set by the legislature has expired, "patience on behalf of the parent can quickly translate into intolerable hardship for the children"). Terminating the mother's parental rights will eliminate the uncertainty in the children's lives and provide the children with the permanent safe home they require. Accordingly, the children's best interests are served by terminating the mother's parental rights, and we affirm.

**AFFIRMED.**